UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MURPHY M. HUBBARD
425B West Farm Rd 182
Springfield MO 65810
Phone 417-881-1738

      Plaintiff,

v.                                             Case No.

UNITED STATES OF AMERICA
Alberto Gonzales, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington D.C. 20530

United States Attorney
Jeffrey A. Taylor
555 4th Street, N.W.
Washington D.C. 20530

INTERNAL REVENUE SERVICE,
1111 Constitution Ave, N.W.
Washington D.C. 20224

      Defendants,

```
CASE NUMBER  1:07CV00023

JUDGE: Ricardo M. Urbina

DECK TYPE: TRO/Preliminary Injunctio

DATE STAMP: 01/4/2007
```

## COMPLAINT FOR REVIEW OF DECISION ON APPEAL IN COMPLAINT NUMBER 2003-5

    Plaintiff wishes to inform the Court that in this action, Plaintiff is acting pro se, and as such, his pleadings should be liberally construed per *Haines v. Kerne*, 404 US at 520.

## JURISDICTIONAL STATEMENT

This court has jurisdiction per Title 5 U.S.C. §500 et al and Title 5 U.S.C. §700-706.

## REGARDING DECISION ON APPEAL

The Decision on Appeal[1] (DOA) contains numerous mistakes of fact in its analysis of the Hearing on Remand (HOR). The HOR did not prove that Plaintiff could only file as a married person filing separately. The record on remand only shows that Plaintiff's wife filed returns for each of the years at issue as a married person filing separate. A married person is allowed to file as head of household even if the other spouse files as married filed separate. See IRS code section 7703. Therefore, the HOR has failed to prove Plaintiff's filing status.

The HOR states (regarding the 1999) an Information Return Program (IRP) document issued by American Family Life Insurance Company showed $5,704 of income deemed by the payor to be taxable income. Then in the HOR the government goes on to conclude that this amount of gross income alone would require Plaintiff to file a tax return. This conclusion is fatally flawed. The Plaintiff is the sole shareholder of a S-Corporation. Therefore, the income or loss of that S-Corporation "flows through" to the Plaintiff's personal return and is included in the computation of gross income that determines whether or not Plaintiff had sufficient gross income to trigger a filing requirement. If this S-Corporation had a loss then this would negate Plaintiff's filing

---

[1] This is of course an assumption on Plaintiff's part as he has not seen the actual DOA, but in previous rulings, the authors of the rulings ignored facts that were relevant to the case and incorporated in their decisions the Office of Professional Responsibility's briefs, thereby being a "rubber stamp" rather than the trier of facts and law. The Plaintiff finds it quite disheartening that the Office of Professional Responsibility did not mail (by regular mail and by certified mail or a private delivery service) a copy of the DOA to the Plaintiff, as has been their procedure throughout this case.

requirement[2]. The HOR failed to prove whether or not the S-Corporation had a profit or loss and therefore cannot determine Plaintiff's gross income[3].

The IDA on page 27, states the threshold for overcoming willfulness is to, "prove beyond question that he had no good faith but mistaken belief' that he had no obligation to file forms 1040 for those years". The record does indicate Plaintiff did possess this good faith belief as evidenced by Plaintiff stating that during his years of practice, taxpayers he has represented whom have had less serious events happen in their lives (which was the basis of their request for the penalties to be abated) have had penalties for failure to file abated with the IRS. Therefore, in contrast to what the IDA and (assuming) DOA state, Plaintiff does have a good faith belief that he was not required to file the returns in question (whether or not it is a mistaken belief is still a question, but that question is not required to be answered).

An act showing bias is found in IDA where the author states, "Even if one were to believe Plaintiff that he intended to eventually file the required returns (a belief that Judge Moran was unwilling to embrace, a judgment I share), that would not be basis for finding that Plaintiff's failures were not willful." If this quoted section is not a basis, then why include it in the IDA other than to show bias against the Plaintiff. Another case of bias and clear prejudice against Plaintiff is made in footnote 13 in the IDA.

---

[2] As so eloquently stated in the DOA on page four (4) the language of Circular 230 places the burden of proof on Complainant.

[3] This point was made in several pleadings filed by Plaintiff and Defendant, but both the Administrative Law Judge and DOA ignore this in violation of Title 5 §706(2)(E), (F) and renders the DOA unlawful which demands it be set aside per Title 5 §706 entire section. Plaintiff is under the impression the Rules of the court will be followed in this proceeding. In particular, the rules regarding that the agency provide the entire record of the action to this court and that court will review the entire record. To reduce the burden on this court (as the record is quite sizeable), Plaintiff is trying to point this court to errors committed in this action. Also, see footnote seven (7) page twelve (12) of the Initial Decision on Remand (IDA).

## STATEMENTS REGARDING SANCTION

Plaintiff now takes the opportunity to express why he has fought and continues his fight in this case. When this process started, the Office of Professional Responsibility (OPR) demanded that Plaintiff voluntarily submit to a 40-month suspension. This would have put Plaintiff out of business and at his age, Plaintiff would not have the opportunity to start over let alone achieve compliance. Rather than try to negotiate with Plaintiff, the OPR took the Draconian approach of either agree to this suspension or the OPR is going to file a complaint and seek to have you disbarred[4]. If the OPR would have acted in a reasonable manner as they have in Plaintiff's 25 years of experience with the dealing with the IRS on the behalf of clients, they would have tried to reach an agreeable and doable solution as the Plaintiff has suggested many times, rather then destroying Plaintiff.

The HOR introduced evidence that Plaintiff ultimately filed a form 1040 showing adequate gross income to prove that he had an obligation to file a return for one year. On page eighteen (18) of the IDA it states that Mr. Finz testified that Plaintiff had not filed the forms identified in the complaint, which the OPR viewed as indicating willfulness and that rehabilitation was unlikely in Plaintiff's case. These two statements taken together show that whatever road the Plaintiff took regarding correcting these wrongs the OPR was set on using any actions of Plaintiff in a negative light. This should be of concern for this court as Administrative Procedures are supposed to be instituted to let people cure their errors rather than to try to destroy someone.

---

[4] This can be proven by the record in this case as at no time has the OPR offered less then disbarment even after the ALJ suggested the parties try to reach a mutual agreement to settle this action at the close of the hearing in Pineville.

Page 4 of 6

I declare under penalty of perjury that the foregoing is true and correct. Executed on __1\3\07_____.
　　　　　Date

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Signature   Murphy M. Hubbard, Pro Se
　　　　　　　　　　　　　　　　　　　　　425B W Farm Rd 182
　　　　　　　　　　　　　　　　　　　　　Springfield, MO 65810
　　　　　　　　　　　　　　　　　　　Telephone: (417) 881-1738
　　　　　　　　　　　　　　　　　　　Facsimile: (417) 881-3590

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

D
07-23

## I (a) PLAINTIFFS
Murphy M. Hubbard

88888

## DEFENDANTS
United States, Internal Revenue Service

U.S. ATTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Greene
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Murphy M. Hubbard, Pro-Se
425B West Farm Rd 182
Springfield MO 65810

PROSE N/P

CASE NUMBER   1:07CV00023

JUDGE: Ricardo M. Urbina

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 01/4/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

⊗ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Titles 5 U.S.C. 500 et al and 700-706, 28 U.S.C. 1343, Request for Judicial review of an Administrative Action

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  Check YES only if demanded in complaint  
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  N.F.  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 1/3/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.