**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MURPHY M. HUBBARD**
425B West Farm Rd 182
Springfield MO 65810
Phone 417-881-1738

    Plaintiff,

v.                                                            Case No.

**UNITED STATES OF AMERICA**
Alberto Gonzales, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington D.C. 20530

                              CASE NUMBER   1:07CV00023

                              JUDGE: Ricardo M. Urbina

**United States Attorney**
Jeffrey A. Taylor                                      DECK TYPE: TRO/Preliminary Injunctio
555 4th Street, N.W.
Washington D.C. 20530                          DATE STAMP: 01/4/2007

**INTERNAL REVENUE SERVICE,**
1111 Constitution Ave, N.W.
Washington D.C. 20224

    Defendants,

### MOTION FOR EMERGENCY TEMPORARY AND PRELIMINARY RELIEF

    Plaintiff wishes to inform the Court that in this action, Plaintiff is acting pro se, and as such, his pleadings should be liberally construed per *Haines v. Kerne,* 404 US at 520.

## JURISDICTIONAL STATEMENT

This court has jurisdiction per Titles 5 U.S.C. §500 et al. 5 U.S.C. §701-706. 28 U.S.C. 28 1331 and 28 U.S.C. 1343.

## REQUEST FOR RELIEF

RELIEF REQUESTED:
   Hubbard moves this Honorable Court for an entry of an Order:

a) Temporarily and preliminarily enjoining, prohibiting and restraining THE INTERNAL REVENUE SERVICE and any other agency of theUNITED STATES that arguably may act in this matter under color of law, from taking any actions pending this District Court's decision pertaining to the Decision on Appeal Complaint No. 2003-5 (DOA) published in the Internal Revenue Bulletin #2006-48 dated November 27, 2006.

b) Directing THE INTERNAL REVENUE SERVICE and any other agency of the UNITED STATES to IMMEDIATELY remove the posting published in Internal Revenue Bulletin #2006-48 dated November 27, 2006 page 1027 stating that Murphy M. Hubbard is disbarred from practice before the INTERNAL REVENUE SERVICE. (Exhibit I)

c) Directing THE INTERNAL REVENUE SERVICE to IMMEDIATELY issue a public and internal notice that Murphy M. Hubbard is not disbarred from practice before the INTERNAL REVENUE SERVICE as THE INTERNAL REVENUE SERVICE has stated in Internal Revenue Bulletin # 2006-48 page 1027.

d) Directing defendants not to contact any other agency (federal, state, or private) regarding the Decision on Appeal until after such time this court has made its determination in this action along with any appeals that may follow.

e) Directing defendants to mail to Plaintiff by regular and certified mail a copy of the Decision on Appeal which lead to the statement regarding Murphy M. Hubbard being disbarred from practice before the INTERNAL REVENUE SERVICE as THE INTERNAL REVENUE SERVICE has stated in Internal Revenue Bulletin # 2006-48 page 1027.

## ARGUMENT

If Plaintiff is successful in this action, prematurely advertising to the public that he is disbarred from practice before the INTERNAL REVENUE SERVICE will create irreparable injury, as Plaintiff being disbarred will destroy his reputation, livelihood, and his business[1].

The IRS is already prohibiting Plaintiff from representing clients before the IRS. Plaintiff contacted the IRS Practioner Hotline (1-866-860-4259) on December 18, 2006 and was denied a request concerning a client. The IRS representative (Ms. Townsend, employee number 49-06113) stated Plaintiff was disbarred and therefore she could not give Plaintiff any information. In addition, one client has received a letter from the IRS along with the form 2848, which was filed stating Plaintiff is currently not eligible to practice before the IRS. This action by the IRS, before Plaintiff has exhausted his due process rights and a United States District Court has issued a ruling regarding its review of administrative ruling is in direct contradiction with this Court's ruling in Schulz v. IRS.

The *two* 2nd Circuit orders in *Schulz* ((*Schulz v. IRS*, 395 F.3d463 (2d Cir. 2005) *Schulz I* and *Schulz v. IRS*, 413 F.3d 297 (2d Cir. 2005)(*SchulzII* )) specifically address

---

[1] "14th Amendment, because there is no dispute as to the meaning of the Constitution, where it provides that no state shall deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws" *Ex parte Young*, 209 U.S. 123, 147-48 (1908).

the issue of Due Process protections with respect to IRS administrative acts and which explicitly require an Article III judicial hearing before Hubbard can be injured by such an administrative action.

In *Schulz II*, the Court held that the Due Process principles it was applying would apply to all administrative directives and orders.

> "The rule of due process upon which were relied in *Schulz I*, and upon which we rely now, can be stated thus: any legislative scheme that denies subjects an opportunity to seek judicial review of administrative orders except by refusing to comply, and so put themselves in immediate jeopardy of possible penalties 'so heavy as to prohibit resort to that remedy,' Oklahoma Operating Co. v. Love, 252 U.S. 331, 333, 64 L. Ed. 596, 40 S. Ct. 338 (1920), runs afoul of the due process requirements of the Fifth and Fourteenth Amendments. This is so even if 'in the proceedings for contempt the validity of the original order may be assailed.' *Id.* at 335; *see also Reisman*, 375 U.S. at 446; *Ex parte Young*, 209 U.S. 123, 147-48, 52 L. Ed. 714, 28 S. Ct. 441 (1908)." *Schulz II* (*Schulz v IRS*, 413 F. 3d 297, 303 (2d Circuit, 2005)."

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Ellrod v. Burns (1976) 427 U.S. 347, 373, 96 S.Ct. 2673, 2690.*

### REQUEST FOR EMERGENCY ORDER

Plaintiff requests an emergency order on this motion in that every day that passes, Plaintiff is suffering irreparable harm by being labeled "Disbarred from Practice before the Internal Revenue Service". Plaintiff will argue that the DOA is arbitrary, an abuse of discretion, contrary to constitutional right, unwarranted by the facts and unsupported by substantial evidence in the case[2].

---

[2] This is of course an assumption on Plaintiff's part as he has not seen the actual DOA, but in previous rulings, the authors of the rulings ignored facts that were relevant to the case and incorporated in their decisions the Office of Professional Responsibility's briefs, thereby being a "rubber stamp" rather than the

Plaintiff avers that he has a high likelihood of success on the merits as the DOA (see footnote number 3) does not address all issued raised and for reasons stated above. Plaintiff avers he will be irreparably harmed if an emergency relief order is not granted, as his business will necessarily be forced to close along with the previously mentioned harms. The granting of an temporary injunction order as preliminary relief will not injure any other parties to the lawsuit as the decision of DOA[3] took more than a year to be published in the Internal Revenue Bulletin after the final briefs were submitted. The Department of the Treasury (or the Internal Revenue Service Office of Chief Counsel[4]) does not appear to be acting in a "time is of the essence" manner, which indicates they do not feel that the "passing of time" will cause them injury. The harm to Hubbard is immediate and ongoing, and will continue to ensue failing the issuance of an injunction. The granting of an emergency relief order will further the public interest, as small businesses are the driving force or our economy.

## RELIEF REQUESTED

Petition prays for the relief previously requested along with any other relief this Court deems appropriate.

---

trier of facts and law. The Plaintiff finds it quite disheartening that the Office of Professional Responsibility did not mail (by regular mail and by certified mail or a private delivery service) a copy of the DOA to the Plaintiff, as has been their procedure throughout this case.
[3] As the date of this action's certification of Service, Hubbard has not been served with DOA.
[4] Being pro se and with the entire first paragraph of the Initial Decision on Appeal dealing with delegated authority and Plaintiff not being served with the DOA, Plaintiff is not sure who to list as the entity making the DOA.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this date of 1\3\07                    .

                                                                  _____
Signature     Murphy M. Hubbard, Pro Se
425B W Farm Rd 182
Springfield, MO 65810
Telephone: (417) 881-1738
Facsimile: (417) 881-3590

# Disbarments From Practice Before the Internal Revenue Service After Notice and an Opportunity for a Proceeding

Under Title 31, Code of Federal Regulations, Part 10, after notice and an opportunity for a proceeding before an administrative law judge, the following individuals have been disbarred from practice before the Internal Revenue Service:

| Name | Address | Designation | Effective Date |
|---|---|---|---|
| Hubbard, Murphy | Springfield, MO | CPA | September 20, 2006 |
| Kardos, Sandra E. | Van Nuys, CA | CPA | October 2, 2006 |
| Jewett, Jerry A. | Fremont, OH | Enrolled Agent | November 2, 2006 |

# Censure Issued by Consent

Under Title 31, Code of Federal Regulations, Part 10, in lieu of a proceeding being instituted or continued, an attorney, certified public accountant, enrolled agent, or enrolled actuary, may offer his or her consent to the issuance of a censure. Censure is a public reprimand.

The following individuals have consented to the issuance of a Censure:

| Name | Address | Designation | Date of Censure |
|---|---|---|---|
| Applegate, William F. | Madison, NJ | CPA | September 12, 2006 |
| Vigliotti, Anthony J. | East Haven, CT | Enrolled Agent | September 12, 2006 |
| Bolgiani, Janette A. | Brooklyn, NY | Enrolled Agent | September 14, 2006 |
| Cheney, James E. | Phelps, NY | CPA | September 18, 2006 |
| Dollinger, Douglas | Middletown, NY | Attorney | October 2, 2006 |
| Reeves, Zak E. | Denver, CO | Enrolled Agent | October 2, 2006 |
| Castiglione, John | Pittsfield, MA | Attorney | October 4, 2006 |
| Shannon, James P. | Rochester, NH | Attorney | October 4, 2006 |
| Kuller, Mark A. | Bethesda, MD | Attorney | October 6, 2006 |

# Resignations of Enrolled Agents

Under Title 31, Code of Federal Regulations, Part 10, an enrolled agent, in order to avoid the institution or conclusion of a proceeding for his or her disbarment or suspension from practice before the Internal Revenue Service, may offer his or her resignation as an enrolled agent. The Director, Office of Professional Responsibility, in his discretion, may accept the offered resignation.

The Director, Office of Professional Responsibility, has accepted offers of resignation as an enrolled agent from the following individuals:

| Name | Address | Date of Resignation |
|---|---|---|
| Schwartz, Judy | Las Vegas, NV | October 13, 2006 |

FILED  
JAN - 4 2007  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

07 0023