IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-00023 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY AND PRELIMINARY RELIEF**

The plaintiff's request for injunctive relief is based on a flawed legal premise, and should be denied.

The plaintiff claims that the Department of Treasury did not have the authority to disbar him from representing clients before the Department until a U.S. District Court had the opportunity to rule on whether the disbarment was valid. For this proposition, the plaintiff cites to Schulz v. Internal Revenue Service, 395 F.3d 463 (2d Cir. 2005) (Shulz I) and Shulz v. Internal Revenue Service, 413 F.3d 297 (2d Cir. 2005) (Shulz II). These cases are not on point at all. Rather, they stand for the proposition that a federal court can not punish a taxpayer for non-compliance with an administrative summons. They do not prevent the Treasury Department from making administrative decisions prior to federal court litigation. See Celauro v. United States, 371 F. Supp. 2d 219, 225 (E.D. N.Y. 2005) ("Section 7604 and Schulz only involve the enforcement of IRS summonses and have no effect on the issuance of a Notice of Levy

after notice and an opportunity to be heard.").

In the present case, the law specifically authorizes the Secretary of the Treasury to "suspend or disbar" individuals who represent clients before the Internal Revenue Service ("Service") "after notice and opportunity for a proceeding." 31 U.S.C. § 330(b). The plaintiff received "notice and opportunity for a proceeding," as it is plain from his complaint that he had an administrative hearing before the Secretary of the Treasury, received a written decision, and litigated an administrative appeal. The plaintiff apparently received a "full-blown" hearing at the administrative level, which may be even more than he was entitled to by law. See Washburn v. Shapiro, 509 F. Supp. 3, 10 (S.D. Fla. 1976) ("Thus although a respondent in a disbarment proceeding is not entitled to a 'full-blown' hearing, he is entitled to the requisites of elementary fairness-due notice and the opportunity to be heard.") (rejecting disbarred accountant's allegations of procedural flaws).

Accordingly, the plaintiff's request for an injunction should be denied. See Hilton v. Braunskill, 481 U.S. 770, 775-78 (1987). The plaintiff can not show a substantial likelihood of success on the merits, since he received an administrative hearing and even an appeal prior to the disbarment, and his complaints about the administrative factual findings will be resolved using a deferential standard of review. The harms to the plaintiff's business are typical in any case of disbarment, and the public interest would not be served if the plaintiff, who failed for several years to file individual income, corporate income, and employment tax returns, and also failed to deposit and

pay employment taxes, could continue practicing before the Service.

Dated: March 30, 2007.

Respectfully submitted,

 /s/ Dashiell C. Shapiro
DASHIELL C. SHAPIRO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 514-9641
Facsimile: (202) 514-6866
Email: Dashiell.C.Shapiro@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:07-00023 (RMU) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

It is hereby ORDERED, this _____ day of _____, 2007, in Washington, D.C., that upon consideration of the plaintiff's motion for emergency temporary and preliminary relief, the United States' reply to plaintiff's motion for emergency temporary and preliminary relief, and the entire record of this proceeding, that the plaintiff's motion for emergency temporary and preliminary relief is DENIED.

_____
UNITED STATES DISTRICT JUDGE

2357807.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:07-00023 (RMU) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

It is hereby certified that the foregoing United States' reply to plaintiff's motion for emergency temporary and preliminary relief, proposed order, the United States' motion for enlargement of time within which to answer or otherwise plead, United States' memorandum of points and authorities in support of its motion for enlargement of time within which to answer or otherwise plead, and proposed order, have been served this 30th day of March, 2007, via ECF filing, and via first class mail, postage prepaid, addressed as follows:

Murphy M. Hubbard
Plaintiff *Pro Se*
425 B West Farm Road 182
Springfield, MO 65810

/s/ Dashiell C. Shapiro

2354423.1