IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:07-00023 (RMU) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION FOR**
**SUMMARY JUDGMENT ON THE ADMINISTRATIVE RECORD**

The United States, through undersigned counsel, respectively moves this Court for summary judgment in its favor on the administrative record submitted with this motion. The United States submits that there is substantial evidence in the administrative record to support the Department of the Treasury's decision to disbar plaintiff from representing clients before the Internal Revenue Service. The record shows numerous failures on behalf of the plaintiff to file personal income tax returns, corporate income tax returns, and payroll tax returns, and failures to pay payroll taxes. The Department of the Treasury's decision to disbar the plaintiff, who himself is a CPA, was an appropriate response to plaintiff's history of willful evasion of the tax laws, which is demonstrated by the documentary evidence and testimony contained in the administrative record. A statement of material facts not in dispute, declaration of Trial Attorney Dashiell Shapiro, the 1278 page administrative record, a memorandum of points and authorities in support of this motion and a proposed order are submitted

2418392.1

herewith.

Dated: April 23, 2007.

                                          Respectfully submitted,

                                           /s/ Dashiell C. Shapiro
                                          DASHIELL C. SHAPIRO
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 227, Washington, DC 20044
                                          Tel: (202) 514-9641, Fax: (202) 514-6866
                                          Email: Dashiell.C.Shapiro@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:07-00023 (RMU) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  On April 18, 2003, the Department of Treasury, Internal Revenue Service, Office of Professional Responsibility ("OPR") initiated Complaint No. 2003-5 against the plaintiff, consisting of four charges:

    (1) that the plaintiff willfully failed to file his Federal individual income tax returns (Form 1040) for tax years 1997, 1998, 1999, and 2000 in a timely manner or at all in violation of the revenue laws of the United States and 31 C.F.R. § 10.51(d).

    (2) that the plaintiff willfully failed to file Form 1120 for Hubbard Group, P.C. for tax years 1997, 1998, 1999, and 2000 in a timely manner or at all in violation of the revenue laws of the United States and 31 C.F.R. § 10.51(d).

    (3) that the plaintiff willfully failed to file Form 941 for Hubbard Group, P.C., for the fourth quarter of 1998 and all four quarters of 1999 in a timely manner or at all in violation of the revenue laws of the United States and 31 C.F.R. § 10.51(d).

    (4) that the plaintiff willfully failed to deposit and pay the employment taxes

      associated with the filing of Forms 941 for Hubbard Group, P.C., for tax quarters 1997-09, 1998-09, 2000-03, and 2000-09, in a timely manner or at all in violation of the revenue laws of the United States and 31 C.F.R. § 10.51(d).  (Adm. Rec. 303 to 308.)

2. Various pre-hearing pleadings were filed throughout 2003. (Adm. Rec. 391 to 521.)

3. On September 23, 2003, the initial hearing was held before Judge Moran in Pineville, Missouri. (Adm. Rec. 844 to 1088.)

4. In late 2003, the parties filed post-trial briefs.  (Adm. Rec. 309 to 390.)

5. On January 14, 2004, Judge Moran issued a "Decision of the Administrative Law Judge" holding that OPR fulfilled its burden of proving all four charges levied against the plaintiff, and determined that the appropriate sanction was disbarment.  (Adm. Rec. 265 to 290.)

6. Following Judge Moran's decision, the plaintiff appealed to the Special Counsel of the Department of the Treasury.  (Adm. Rec. 291 to 302, 522 to 535.)

7. On August 30, 2004, the U.S. Department of the Treasury issued its "Initial Decision on Appeal" remanding for further findings regarding the plaintiff's willfulness with respect to charges (2) and (4). (Adm. Rec. 536 to 600.) (referred to as Sections II.B. and II.D. of the complaint.)

8. The plaintiff filed various motions prior to the remanded hearing.  (Adm. Rec. 601 to 629.)

9. On November 29, 2004, the hearing on remand was held before Judge Moran in

Springfield, Missouri. (Adm. Rec. 630 to 843, 1089 to 1278.)

10. On July 1, 2005, Judge Moran issued "Decision of the Administrative Law Judge Upon Remand", finding that the plaintiff should be disbarred from practice before the internal Revenue Service. (Adm. Rec. 230 to 264.)

11. Following Judge Moran's decision on remand, the plaintiff again appealed to the Special Counsel. (Adm. Rec. 199 to 229.)

12. On September 20, 2006, the Department of the Treasury issued "Decision on Appeal", affirming Judge Moran's decision on remand and disbarring plaintiff from practicing before the Internal Revenue Service. (Adm. Rec. 1 to 31.)

Dated: April 23, 2007.

Respectfully submitted,

 /s/ Dashiell C. Shapiro
DASHIELL C. SHAPIRO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Washington, DC 20044
Tel: (202) 514-9641, Fax: (202) 514-6866
Email: Dashiell.C.Shapiro@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURPHY M. HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-00023 (RMU) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF TRIAL ATTORNEY DASHIELL SHAPIRO**

Dashiell Shapiro, pursuant to 28 U.S.C. § 1746(2), declares and states as follows:

1. I am a Trial Attorney with the Department of Justice, Tax Division, Civil Trial Section, Eastern Region.

2. I have primary litigation responsibility for the above-captioned matter.

3. Submitted with this declaration is the administrative record I received from the Department of the Treasury regarding Complaint No. 2003-05 that the Office of Professional Responsibility filed against the plaintiff. The record contains motions filed by the parties, transcripts of two evidentiary hearings, orders and opinions from the administrative trial and appellate judges, and exhibits. (Adm. Rec. 1 to 1278.)

4. I redacted protected information from the documents, such as Social Security numbers and Employed Identification Numbers (EIN's).

5. Pursuant to Local Rule 5.4(e)(1), the Administrative Record will not be filed via ECF because it exceeds 500 pages.

2410897.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 23, 2007 in Washington, D.C.


       /s   Dashiell Shapiro
DASHIELL SHAPIRO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-00023 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE
<u>ADMINISTRATIVE RECORD</u>**

This case is the plaintiff's challenge to an administrative hearing which resulted in plaintiff's disbarment from representing clients before the Internal Revenue Service. The plaintiff was charged with disreputable conduct under 31 C.F.R. § 10.51(d) for numerous failures to file his personal and business federal tax returns, and to deposit and pay quarterly employment taxes. On September 20, 2006, the Special Counsel for the Department of the Treasury issued a Decision on Appeal ("DOA") disbarring the plaintiff from practicing before the Internal Revenue Service, which was the final agency decision in this matter.[1] The plaintiff is contesting the decision under the Administrative Procedures Act, 5 U.S.C. §§ 701-06, and raises legal and evidentiary challenges to the decision.

---

[1] On page 2 of his complaint, the plaintiff asserts that he was never provided with a copy of the DOA. Page 5 of the administrative record is the Certified Mail Receipt reflecting that the plaintiff was sent a copy via certified mail, and Page 15 of the administrative record is the Certificate of Service reflecting that the DOA was mailed to the plaintiff.

2418401.1

None of the plaintiff's challenges has merit. As the administrative record demonstrates, the plaintiff received extensive opportunities to contest the agency's determinations, and failed to do so. The record substantially supports the finding of disbarment, and for most of the charges the plaintiff did not even contest the evidence showing that he was required to file the tax returns or pay the employment taxes at issue. Under the deferential "substantial evidence" standard that applies to cases under the Administrative Procedures Act, the Department of the Treasury's findings should stand. Lopez v. United States, 21 Fed. Appx. 879, 881 (10th Cir. 2001) (upholding disbarment determination) ("We examine the agency's action to determine whether it was arbitrary and capricious or an abuse of discretion. We will affirm the agency's factual findings if they are supported by substantial evidence.") (citations omitted); Cupples v. Marzall, 101 F. Supp. 579, 582 (D.D.C. 1952) (same for Patent Office), aff'd, 204 F.2d 58 (D.C. Cir. 1953).

## SCOPE OF REVIEW

"The evidentiary criterion for judicial review of a final decision of an administrative agency is whether there is substantial evidence in the record to support the challenged administrative determination." Washburn v. Shapiro, 409 F. Supp. 3, 9 (S.D. Fla. 1976), citing, among other cases, Kingsland v. Dorsey, 338 U.S. 318, 319-20 (1949). "Substantial evidence", in this sense, means such evidence as would be sufficient to justify, in the case of a jury trial, the refusal to direct a verdict on a particular fact sought to be proven. NLRB v. Columbian Co., 306 U.S. 292, 300 (1939)

(pre-APA case); Consolo v. Federal Maritime Comm., 383 U.S. 607, 620 n.18 (1966) (post-APA case, indicating statement in Columbian Co. still valid).  Thus, the task of this Court is to determine whether sufficient evidence was placed before the Administrative Law Judge to have permitted a jury to draw the same factual conclusions drawn by him.  Further, the Court must determine whether the Secretary's delegate erred in accepting the Administrative Law Judge's conclusions.

## ARGUMENT

**I.    The Administrative Record Contains Substantial Evidence that the Plaintiff Was Required to File Income Tax Returns.**

The plaintiff first argues that the Department of the Treasury misstated the law by noting that, since plaintiff's wife was filing separate returns during the years in question, the plaintiff was also required to file as "married filing separately."  (Pl. Compl. at 2; Adm. Rec. at 10.)  The plaintiff claims that he could have filed as "head of household", and cites to 26 U.S.C. § 7703 for this proposition.  But § 7703 provides no support for the plaintiff's argument, which is simply incorrect as a matter of law.  The definition of "head of household" is found elsewhere in the Tax Code.  See 26 U.S.C. § 2(b)(1) ("an individual shall be considered a head of household if, *and only if*, such individual is not married at the close of his taxable year….") (emphasis added); see also Fortius v. Commissioner, T.C. Summ. Op. 2007-39, 2007 WL 738134 (Tax Ct. 2007) ("Because petitioner was married at the close of 2002, he is not considered a head of

household."). Indeed, in a criminal tax appeal, the Second Circuit noted that filing as "head of household" while married was proper evidence of willful evasion. United States v. Coblentz, 453 F.2d 503, 505 (2d Cir. 1972) ("The jury apparently found it incredible that he could be mistaken about his marital status"). The Department of the Treasury's statement regarding plaintiff's filing status was correct.

Plaintiff's next argument is that there was not sufficient evidence in the administrative record to establish that he was required to file an income tax return for the 1999 year. The Department of the Treasury noted that the record evidence established that Plaintiff received at least $5,704 of taxable income in 1999, and thus was required to file a tax return for that year. (See, e.g., Adm. Rec. at 26, 759 to 761.) Plaintiff disputes this by claiming that *if he had S-Corporation losses* in 1999, those losses *could have* offset the $5,704 in gross income for the purposes of calculating the filing requirement. (Pl. Compl. at 2.) The plaintiff apparently never made this argument during the administrative proceedings, and did not introduce any evidence to rebut the government's proof that he had sufficient income to trigger a filing requirement. (See generally Adm. Rec.) Moreover, the plaintiff's theory is not supported by any legal authority. See 26 U.S.C. § 61 (gross income); 26 U.S.C. § 6012 (filing requirements). A Tenth Circuit case on this issue is instructive:

> Petitioner testified that he believed he was not required to file a tax return in 1992 because his gross income fell below the threshold amount indicated in 26 U.S.C. § 6012(a)(1)(A)(i). In calculating his gross income, petitioner mistakenly believed that his claimed Schedule C business expense deductions and his alleged net operating carryover losses from 1990 and 1991

> reduced his 1992 reported gross income below the threshold level for filing a return. The Tax Court found that, in light of the fact that petitioner is a certified public accountant, his failure to understand the term "gross income" was not reasonable cause for his untimely filing.

<u>Massa v. Commissioner of Internal Revenue</u>, 208 F.2d 226 (Table) (10th Cir. 2000) (affirming Tax Court's finding); <u>see</u> <u>also</u> <u>United States v. Dubin</u>, 77 F.3d 490 (Table) (9th Cir. 1995) ("On appeal, Dubin continues to argue vigorously that the statutory filing requirement is solely triggered by 'net income,' rather than 'gross income.' We disagree."); <u>United States v. McCabe</u>, 416 F.2d 957 (7th Cir. 1969) (defendant knew his gross income required him to file returns because he had previously filed state and federal tax returns showing net losses). The Department's holding that the plaintiff was required to file a personal income tax return in 1999 was correct.

    Finally, the plaintiff complains that the Department of the Treasury used evidence of the plaintiff's Form 1040 for the 2000 tax year. The plaintiff notes that his failure to timely file this return in a timely manner was taken as evidence of his willfulness, and then when he ultimately filed the return, this was also taken as evidence of willfulness, because the filed return reflected sufficient income to trigger the filing requirement. The plaintiff states that this "should be of concern for this court as Administrative Procedures are supposed to be instituted to let people cure their errors rather than try to destroy someone." (Pl. Compl. at 4.)

    This is an odd complaint indeed. The plaintiff filed his 2000 tax return in 2004, ***during the pendency of the administrative hearings regarding his disbarment.*** (Adm.

Rec. 1236 to 1245.) It would make a mockery of the disbarment process if an individual could casually and belatedly file a couple late returns during the disbarment hearings and thereby avoid a finding that he acted willfully during the several years he failed to file individual, corporate, and payroll tax returns, and failed to deposit and pay over payroll taxes. See Sansone v. United States, 380 U.S. 343, 354 (1965) ("[W]e agree that the intent to report the income and pay the tax sometime in the future does not vitiate the willfulness required by §§ 7203 and 7207..."); United States v. Klausner, 80 F.3d 55, 63 (2d Cir. 1996) (rejecting argument that eventual filing of tax returns disputes willfulness) ("Klausner's eventual cooperation with the government does not negate willfulness in his earlier attempts to evade his income tax liability"); In re Hassan, 301 B.R. 614, 623 (S.D. Fla. 2003) ("The Hassans indicate that because they eventually filed accurate tax returns, the fact that they filed them late should not be considered in the willfulness analysis. This argument too is flawed."). Thus, in its determination that the plaintiff acted willfully, the Department of the Treasury properly considered the plaintiff's failure to timely file a tax return for the 2000 tax year, despite having sufficient income to trigger the filing requirement.

II.   **The Administrative Record Contains Substantial Evidence That the Plaintiff Willfully Failed to File Tax Returns.**

The plaintiff states that willfulness cannot be proven because the "record does indicate Plaintiff did possess" a good faith belief that he had no obligation to file forms

1040 for those years. What evidence there is in the record for plaintiff's "good faith" belief is not clear. But the ALJ and the Special Counsel ultimately came to a different conclusion, based on the record evidence. The Decision on Appeal noted that the record evidence established that the plaintiff was required to file 1040 returns for the 1999 and 2000 tax years. (Adm. Rec. 26.) The record evidence established that the plaintiff was required to file a return for the 1999 year, but did not. (Adm. Rec. 508 to 509, 733 to 734.). The record also shows that the plaintiff was required to file a Form 1040 return for the 2000 year, but did not file a timely return. (Adm. Rec. 510 to 511, 708, 738 to 741.)

But the evidence against the plaintiff was not limited to the 1040 returns. The plaintiff failed to pay employment taxes and file returns for several quarters. (Adm. Rec. 250 to 252, 453 to 480, 747 to 758, 783 to 787.) The plaintiff failed to file 1120 corporate returns, and the plaintiff had known of his legal duty to file such returns because he had sought filing extensions. (Adm. Rec. 265, 481 to 493, 914 to 950.) Moreover, the ALJ based his decisions in part on credibility determinations, which are supported by the vast record of plaintiff's misconduct, and which are entitled to great deference. Even if the plaintiff were correct that the findings of willfulness were incorrect with respect to the Form 1040 charge, the other three charges would still overwhelmingly support the finding of willfulness.

**III.    The Administrative Record Demonstrates That the Special Counsel Was Not "Biased".**

The plaintiff also attacks the Special Counsel's decision for bias and "clear prejudice."  The language quoted by the plaintiff as an example to support his claim of bias is as follows:

> Even if one were to believe Plaintiff that he intended to eventually file the required returns (a belief that Judge Moran was unwilling to embrace, a judgment I share), that would not be a basis for finding that Plaintiff's failures were not willful.

(Pl. Compl. at 3.)  This is standard language in a reasoned legal opinion, and comports with the basic definition of willfulness as requiring that the willful party "knew of his duty, and that he voluntarily and intentionally violated this duty."  Cheek v. United States, 498 U.S. 192, 201 (1991).  Moreover, for "bias" to be disqualifying, it must be based on an "extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  Such "bias" is simply not at issue in this case.

## SUMMARY

Accordingly, none of the plaintiff's challenges to the results of the administrative hearing has merit.  The United States respectfully requests that summary judgment be entered in its favor and against the plaintiff, and that the plaintiff's complaint be dismissed with prejudice.

Dated: April 23, 2007.

                Respectfully submitted,

                /s/ Dashiell C. Shapiro
                DASHIELL C. SHAPIRO
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 227
                Washington, DC 20044
                Telephone: (202) 514-9641
                Facsimile: (202) 514-6866
                Email: Dashiell.C.Shapiro@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2418401.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-00023 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

It is ORDERED, this _____ day of _____, 2007, in Washington, D.C., that upon consideration of the United States' motion for summary judgment on the administrative record and supporting documents, any reply thereto, and the entire record of this proceeding, that the United States' motion for summary judgment is GRANTED and the above-referenced case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

2418410.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURPHY M. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:07-00023 (RMU) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

It is certified that the foregoing United States' motion for summary judgment on the administrative record, declaration of Trial Attorney Dashiell Shapiro, Administrative Record (1278 pages), statement of material facts not in dispute, memorandum in support of the United States' motion for summary judgment, and proposed order have been served this 23rd day of April, 2007, via ECF filing (excluding the 1278 page administrative record), and via first class (including the 1278 page administrative record), postage prepaid, addressed as follows:

    Murphy M. Hubbard
    Plaintiff *Pro Se*
    425 B West Farm Road 182
    Springfield, MO 65810

                                        /s/ Dashiell C. Shapiro

2418396.1