**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED

AUG 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MURPHY M. HUBBARD**

      **Plaintiff,**

  **v.**                            **Case No. 1:07 00023 (RMU)**

**UNITED STATES**

      **Defendant.**

### PLAINTIFF'S MOTION FOR MORE TIME TO FILE AN ANSWER TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT ON THE ADMINSTRATIVE RECORD

Plaintiff wishes to inform the Court that in this action, Plaintiff is acting pro se, and as such, his pleadings should be liberally construed per *Haines v. Kerne,* 404 US at 520.

Plaintiff apologizes to the Court for the delay in filing this response to the United States' Motion.  Plaintiff due to his illness did not realize this motion was not filed with the "Plaintiff's Answer to United States Opposition to Plaintiff's Motion for Emergency Temporary and Preliminary Relief".

As soon as possible after receiving the Courts Memorandum Opinion issued August 3, 2007, Plaintiff submitted these motions in respect to the Honorable Judge Ricardo M. Urbina's footnote #1 in his Memorandum Opinion issued August 3. 2007.

Respectfully submitted:

Dated:  August 14, 2007

_____    _____
Signature                    Murphy M. Hubbard, Pro Se
                             425B W Farm Rd 182
                             Springfield, MO 65810
                             Telephone: (417) 881-1738
                             Facsimile: (417) 881-3590

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MURPHY M. HUBBARD**

      **Plaintiff,**

  **v.**                               **Case No. 1:07 00023 (RMU)**

**UNITED STATES**

      **Defendant.**

## ORDER

It is **ORDERED**, this _____ day of _____, 2007, in Washington, D.C, that upon consideration of Plaintiff's Motion for more time to file an answer to the United States' motion for summary judgment on the Administrative Record, the administrative record and supporting documents, any reply thereto, the entire record of this proceeding, Plaintiff's motion for more to file an answer to the United States' motion for summary judgment is **GRANTED.**

 

 

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURPHY M. HUBBARD

Plaintiff,

v.                                        Case No. 1:07 00023 (RMU)

UNITED STATES

Defendant.

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE UNITED STATES' ATTORNEY AND ANSWER TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT ON THE ADMINISTARTIVE RECORD

Plaintiff wishes to inform the Court that in this action, Plaintiff is acting pro se, and as such, his pleadings should be liberally construed per *Haines v. Kerne,* 404 US at 520.

First Plaintiff will show how the United States through its agents is committing Fraud on the Court. (Also see Publication 17 pages 22-23 exhibit I)

Title 26 Section 2(b)   Definition of head of household.
(1)  In **general**.
          For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either—
(A) maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of—
(i) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), but not if such child—
(I) is married at the close of the taxpayer's taxable year, and
(II) is not a dependent of such individual by reason of section 152(b)(2) or 152(b)(3), or both, or
(ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or

Page 1 of 7

(B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151 .

For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.

(2)  Determination of status.

For purposes of this subsection—

(A) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married;

(B) a taxpayer shall be considered as not married at the close of his taxable year if at any time during the taxable year his spouse is a nonresident alien; and

(    C) a taxpayer shall be considered as married at the close of his taxable year if his spouse (other than a spouse described in subparagraph (B)) died during the taxable year.

(3)  Limitations.

Notwithstanding paragraph (1), for purposes of this subtitle a taxpayer shall not be considered to be a head of a household—

(A) if at any time during the taxable year he is a non-resident alien; or

(B) by reason of an individual who would not be a dependent for the taxable year but for—

(i) subparagraph (H) of section 152(d)(2), or

(ii) paragraph (3) of section 152(d).

**2(c)   Certain married individuals living apart.**

**For purposes of this part, an individual shall be treated as not married at the close of the taxable year if such individual is so treated under the provisions of section 7703(b)**. (emphasis added)

7703(b)   Certain married individuals living apart.

For purposes of those provisions of this title which refer to this subsection, if—

(1)  an individual who is married (within the meaning of subsection (a) ) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child (within the meaning of section  152(f)(1)) with respect to whom such individual is entitled to a deduction for the taxable year under section 151 (or would be so entitled but for section 152(e)),

(2)  such individual furnishes over one-half of the cost of maintaining such household during the taxable year, and

(3)  during the last 6 months of the taxable year, such individual's spouse is not a member of such household,

In their Memorandum of Points and Authorities the United States unequivocally

states, "§ 7703 provides no support for plaintiff's argument, which is simply incorrect as

a matter of law." Then the United States goes on to quote § 2(b)(1) ("an individual shall

be considered a head of household if, *and only if,* such individual is not married at the close of his taxable year .."") (emphasis added).   Surely the counsel for the United States knows that one must read a complete statute in order to correctly apply it, especially a statute that starts with the word "generally" which § 2(b)(1) does[1].  United States' reliance on *Fortius* and *Coblentz* is misplaced as the record in the cases of Fortius and Coblentz show both lived with their wives for the years at issue and therefore do not meet the requirements of §7703 (b).  Plaintiff has presented the above statute (7703) in previous filings and the United States mentions this statute in their brief, therefore Defendant in its Memorandum of Points and Authorities regarding the Head of Household filing requirements argument is committing Fraud upon the court and therefore this case should be found in favor of Plaintiff as Fraud vitiates everything it touches.

The United States is again committing a Fraud on the court in their Memorandum of Points and Authorities where they say Plaintiff never made the argument that losses from his S-Corporation could have offset his income.  Plaintiff made these arguments in the Hearing on Remand and in his pleadings[2].  Defendant in its Memorandum of Points and Authorities states "Plaintiff disputes this by claiming that if he had S-Corporation losses in 1999, those losses could have offset the $5,704 in gross income for the purposes of calculating the filing requirement. (PL.Compl. at 2) **The plaintiff apparently never made this argument during the administrative proceeding**..." (emphasis added).  The bold and underlined statement is committing Fraud on the court and therefore this case should be found in favor of Plaintiff as Fraud vitiates everything it touches.

---

[1] The word "Generally" which the United States conveniently left out of it's quote along with section 2 paragraph c which states to look at section 7703 (b) for exceptions.
[2] For one example of where this has been discussed previously see page 203 of the administrative record.

The United States further tries to obfuscate the facts in their Memorandum of Points and Authorities when they get into the discussion regarding gross income and quote a tenth circuit case. In this case (per the United States' narrative) the taxpayer was a Schedule C filer, not an 1120-S filer and this distinction makes the United States' reliance on this case not on point at all.

Regarding the 1999 personal 1040 tax return, it is well established in record of this case that the burden of proof is on the government to prove its allegations. The fact that the 1120-S income or loss flow through to the Plaintiff's individual tax return and therefore if a loss, would decrease his income for the filing requirement was brought into the record. The government did not dispute this fact. Rather it just disappeared[3]. It is the government's burden of proof to prove the Plaintiff had a filing requirement; it is not the Plaintiff's burden to prove he does not have filing requirement.

Plaintiff requests that the Honorable Judge Ricardo M. Urbana refer the United States' attorney (Dashiell S. Shapiro) to the Bar for disciplinary actions. Per the American Bar Association (ABA) Model Rules of Professional Conduct (2004) knowingly making false statement of fact or law is reason for disbarment. Dashiell S. Shapiro has done both.

"Rule 3.3 Candor Toward the Tribunal
(a) A lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if

---

[3] It disappeared just like the proof Plaintiff introduced to prove his company was in bankruptcy. Plaintiff finds it most disconcerting that the government and the ALJ just "forget" about facts that favor Plaintiff.

necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false."

In reviewing the administrative record, Plaintiff found on page five (5) a certified mail receipt dated September 20, 2006 addressed to Murphy M. Hubbard at 3023 S Fort, Unit A, Springfield, MO 65807[4]. The Office of Professional Responsibility (OPR) knew or should have know this was not Plaintiff's address at that time, especially because of the earlier problems with the mail which is all part of the administrative record. To Plaintiff, this seems to be just another way the OPR and the United States is trying to obfuscate if not attempting to commit Fraud on the court.

The United States' attorney Dashiell C. Shapiro by including in footnote one (1) of his Memorandum of Points and Authorities stating that pages 5 and 15 of the administrative record reflects that the Decision on Appeal was mailed to Plaintiff, is committing a Fraud on the court as he knew or should have known that Plaintiff was no longer at this address and hadn't been for quite some time. Plaintiff has to ask the question, why would the United States present such an argument if not to intentionally try to mislead you (commit fraud upon this court), Honorable Judge Ricardo M. Urbina?

Plaintiff may have not made it clear as to his point in mentioning the way the OPR and the Administrative Law Judge (ALJ) handled his filing of his 2000 tax return. Plaintiff contends that the filing of this return and all subsequent returns should be taken into account regarding Plaintiff's being able to be rehabilitated versus trying to negate the willful failure to file as the United States indicates is Plaintiff's objective. The point Plaintiff was trying to convey is that these filings show he is prime for

---

[4] Per the United States' pleadings this mailing was the Decision on Appeal.

rehabilitation and therefore his punishment should not be so extreme as disbarment and ruining his business and livelihood along with the livelihood of his employees.

One of Plaintiff's arguments is that the OPR is being unreasonable and vindictive in its decision to disbar Plaintiff. Throughout this entire ordeal, Plaintiff has numerous times tried to settle this case in a way that would have saved the United States and the Plaintiff considerable time and money and achieve compliance on the part of the Plaintiff. Yet, the OPR refused to negotiate the penalty that they would accept. Plaintiff has introduced substantial evidence to support his claim that his business was in financial difficulties, but the OPR refused to consider this fact in their recommendation for punishment. Plaintiff has shown through evidence submitted (which was not refuted by OPR) that he had suffered emotional trauma leading up to the periods covered under the complaint but the OPR refused to consider these extenuating circumstances, rather they just brushed them off as "part of life". If the events that happened to Plaintiff are just a "part of life" that should not affect Plaintiff, then pity this country and its people as they are living a life of hell.

Plaintiff's conduct referred to in this case is over six (6) years old. The United States' disreputable and Fraudulent conduct is ongoing and continues in their lastest filings. If for no other reason than to show the United States, its agents and the American public this deceitful and Fraudulent conduct by the United States will not be tolerated (at least in your court) you should deny the United States' motion for summary judgment and issue an order reinstating Plaintiff as eligible to practice before the Internal Revenue Service.

## PRAYER FOR RELIEF

1.      That the court order the IRS to reinstate Petitioner as eligible to

practice before the IRS.

2.      That the court institute proceeding against Dashiell C. Shapiro for

committing Fraud Upon this Court and recommend him to Bar for

disciplinary actions.

3.      Any other remedies this court finds appropriate.

Respectfully submitted:

Dated:  August 14, 2007

Signature      Murphy M. Hubbard, Pro Se
                         425B W Farm Rd 182
                         Springfield, MO 65810
                         Telephone: (417) 881-1738
                         Facsimile: (417) 881-3590

# Married Filing Separately

You can choose married filing separately as your filing status if you are married. This filing status may benefit you if you want to be responsible only for your own tax or if it results in less tax than filing a joint return.

If you and your spouse do not agree to file a joint return, you may have to use this filing status unless you qualify for head of household status, discussed next.

You may be able to choose head of household filing status if you live apart from your spouse, meet certain tests, and are considered unmarried (explained later, under *Head of Household*). This can apply to you even if you are not divorced or legally separated. If you qualify for head of household, instead of as married filing separately, your tax may be lower, you may be able to claim the earned income credit and certain other credits, and your standard deduction will be higher. The head of household filing status allows you to choose the standard deduction even if your spouse chooses to itemize deductions. See *Head of Household*, later, for more information.

 **TIP** *Unless you are required to file separately, you should figure your tax both ways (on a joint return and on separate returns). This way you can make sure you are using the filing status that results in the lowest combined tax. However, you will generally pay more combined tax on separate returns than you would on a joint return for the reasons listed under Special Rules, later.*

**How to file.** If you file a separate return, you generally report only your own income, exemptions, credits, and deductions on your individual return. You can claim an exemption for your spouse if your spouse had no gross income and was not the dependent of another person. However, if your spouse had any gross income or was the dependent of someone else, you cannot claim an exemption for him or her on your separate return.

If you file as married filing separately, you can use Form 1040A or Form 1040. Select this filing status by checking the box on line 3 of either form. You also must enter your spouse's social security number and full name in the spaces provided. Use the *Married filing separately* column of the Tax Table or Section C of the Tax Computation Worksheet to figure your tax.

## Special Rules

If you choose married filing separately as your filing status, the following special rules apply. Because of these special rules, you will usually pay more tax on a separate return than if you used another filing status that you qualify for.

1. Your tax rate generally will be higher than it would be on a joint return.

2. Your exemption amount for figuring the alternative minimum tax will be half that allowed to a joint return filer.

3. You cannot take the credit for child and dependent care expenses in most cases, and the amount that you can exclude from income under an employer's dependent care assistance program is limited to $2,500 (instead of $5,000 if you filed a joint return). For more information about these expenses, the credit, and the exclusion, see chapter 32.

4. You cannot take the earned income credit.

5. You cannot take the exclusion or credit for adoption expenses in most cases.

6. You cannot take the education credits (the Hope credit and the lifetime learning credit), or the deduction for student loan interest.

7. You cannot exclude any interest income from qualified U.S. savings bonds that you used for higher education expenses.

8. If you lived with your spouse at any time during the tax year:
   a. You cannot claim the credit for the elderly or the disabled.
   b. You will have to include in income more (up to 85%) of any social security or equivalent railroad retirement benefits you received, and
   c. You cannot roll over amounts from a traditional IRA into a Roth IRA.

9. The following deductions and credits are reduced at income levels that are half those for a joint return:
   a. The child tax credit,
   b. The retirement savings contributions credit,
   c. Itemized deductions, and
   d. The deduction for personal exemptions.

10. Your capital loss deduction limit is $1,500 (instead of $3,000 if you filed a joint return).

11. If your spouse itemizes deductions, you cannot claim the standard deduction. If you can claim the standard deduction, your basic standard deduction is half the amount allowed on a joint return.

**Individual retirement arrangements (IRAs).** You may not be able to deduct all or part of your contributions to a traditional IRA if you or your spouse were covered by an employee retirement plan at work during the year. Your deduction is reduced or eliminated if your income is more than a certain amount. This amount is much lower for married individuals who file separately and lived together at any time during the year. For more information, see *How Much Can You Deduct* in chapter 17.

**Rental activity losses.** If you actively participated in a passive rental real estate activity that produced a loss, you generally can deduct the loss from your nonpassive income, up to $25,000. This is called a special allowance. However, married persons filing separate returns who lived together at any time during the

year cannot claim this special allowance. Married persons filing separate returns who lived apart at all times during the year are each allowed a $12,500 maximum special allowance for losses from passive real estate activities. See *Limits on Rental Losses* in chapter 9.

**Community property states.** If you live in Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington, or Wisconsin and file separately, your income may be considered separate income or community income for income tax purposes. See Publication 555.

## Joint Return After Separate Returns

You can change your filing status by filing an amended return using Form 1040X.

If you or your spouse (or both of you) file a separate return, you generally can change to a joint return any time within 3 years from the due date of the separate return or returns. This does not include any extensions. A separate return includes a return filed by you or your spouse claiming married filing separately, single, or head of household filing status.

## Separate Returns After Joint Return

Once you file a joint return, you cannot choose to file separate returns for that year after the due date of the return.

**Exception.** A personal representative for a decedent can change from a joint return elected by the surviving spouse to a separate return for the decedent. The personal representative has 1 year from the due date of the return (including extensions) to make the change. See Publication 559, Survivors, Executors, and Administrators, for more information on filing a return for a decedent.

# Head of Household

You may be able to file as head of household if you meet all the following requirements.

1. You are unmarried or "considered unmarried" on the last day of the year.

2. You paid more than half the cost of keeping up a home for the year.

3. A "qualifying person" lived with you in the home for more than half the year (except for temporary absences, such as school). However, if the "qualifying person" is your dependent parent, he or she does not have to live with you. See *Special rule for parent*, later, under *Qualifying Person*.

 **TIP** *If you qualify to file as head of household, your tax rate usually will be lower than the rates for single or married filing separately. You will also receive a higher standard deduction than if you file as single or married filing separately.*

**Kidnapped child.** A child may qualify you to file as head of household even if the child has

been kidnapped. For more information, see Publication 501.

**How to file.** If you file as head of household, you can use either Form 1040A or Form 1040. Indicate your choice of this filing status by checking the box on line 4 of either form. Use the *Head of household* column of the Tax Table or Section D of the Tax Computation Worksheet to figure your tax.



# Considered Unmarried

To qualify for head of household status, you must be either unmarried or considered unmarried on the last day of the year. You are considered unmarried on the last day of the tax year if you meet all the following tests.

1. You file a separate return, defined earlier under *Joint Return After Separate Returns*.

2. You paid more than half the cost of keeping up your home for the tax year.

3. Your spouse did not live in your home during the last 6 months of the tax year. Your spouse is considered to live in your home

even if he or she is temporarily absent due to special circumstances. See *Temporary absences*, under *Qualifying Person*, later.

4. Your home was the main home of your child, stepchild, or eligible foster child for more than half the year. (See *Home of qualifying person*, under *Qualifying Person*, later, for rules applying to a child's birth, death, or temporary absence during the year.)

5. You must be able to claim an exemption for the child. However, you meet this test if you cannot claim the exemption only because the noncustodial parent can claim the child using the rules described in *Children of divorced or separated parents* under *Qualifying Child* in chapter 3, or in *Support Test for Children of Divorced or Separated Parents* under *Qualifying Relative* in chapter 3. The general rules for claiming an exemption for a dependent are explained under *Exemptions for Dependents* in chapter 3.

 *If you were considered married for part of the year and lived in a community property state (listed earlier under Married Filing Separately), special rules may apply in determining your income and expenses. See Publication 555 for more information.*

**Nonresident alien spouse.** You are considered unmarried for head of household purposes if your spouse was a nonresident alien at any time during the year and you do not choose to treat your nonresident spouse as a resident alien. However, your spouse is not a qualifying person for head of household purposes. You must have another qualifying person and meet the other tests to be eligible to file as a head of household.

**Earned income credit.** Even if you are considered unmarried for head of household purposes because you are married to a nonresident alien, you are still considered married for purposes of the earned income credit (unless you meet the five tests listed earlier). You are not entitled to the credit unless you file a joint return with your spouse and meet other qualifications. See chapter 36 for more information.

Table 2-1. **Who Is a Qualifying Person Qualifying You To File as Head of Household?**[1]

**Caution.** *See the text of this publication for the other requirements you must meet to claim head of household filing status.*

| IF the person is your . . . | AND . . . | THEN that person is . . . |
|---|---|---|
| qualifying child (such as a son, daughter, or grandchild who lived with you more than half the year and meets certain other tests)[2] | he or she is single | a qualifying person, whether or not you can claim an exemption for the person. |
| | he or she is married and you can claim an exemption for him or her | a qualifying person. |
| | he or she is married and you cannot claim an exemption for him or her | not a qualifying person. [3] |
| qualifying relative [4] who is your father or mother | you can claim an exemption for him or her[5] | a qualifying person.[6] |
| | you cannot claim an exemption for him or her | not a qualifying person. |
| qualifying relative [4] other than your father or mother (such as a grandparent, brother, or sister who meets certain tests)[7] | he or she lived with you more than half the year, and you can claim an exemption for him or her [5] | a qualifying person. |
| | he or she did not live with you more than half the year | not a qualifying person. |
| | you cannot claim an exemption for him or her | not a qualifying person. |

[1]A person cannot qualify more than one taxpayer to use the head of household filing status for the year.
[2]The term "qualifying child" is defined in chapter 3. **Note.** If you are a noncustodial parent, the term "qualifying child" for head of household filing status does not include a child who is your qualifying child for exemption purposes only because of the rules described under *Children of divorced or separated parents* under *Qualifying Child* in chapter 3. If you are the custodial parent and those rules apply, the child generally is your qualifying child for head of household filing status even though the child is not a qualifying child for whom you can claim an exemption.
[3] This person is a qualifying person if the only reason you cannot claim the exemption is that you can be claimed as a dependent on someone else's return.
[4]The term "qualifying relative" is defined in chapter 3.
[5]If you can claim an exemption for a person only because of a multiple support agreement, that person is not a qualifying person. See *Multiple Support Agreement* in chapter 3.
[6]See *Special rule for parent* for an additional requirement.
[7]A person who is your qualifying relative only because he or she lived with you all year as a member of your household is not a qualifying person.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MURPHY M. HUBBARD**

        **Plaintiff,**

    **v.**                        **Case No. 1:07 00023 (RMU)**

**UNITED STATES**

        **Defendant.**

## <u>ORDER</u>

It is **ORDERED**, this _____ day of _____, 2007, in Washington, D.C, that upon consideration of Plaintiff's Motion for Sanctions Against the United States' Attorney and Answer to the United States' Motion for Summary Judgment on the Administrative Record, the administrative record and supporting documents, any reply thereto, the entire record of this proceeding, and the fact that the United States through its attorney committed Fraud upon this court, that the United States motion for summary judgment is **DENIED** and the Plaintiff's motion for sanctions against the United States Attorney and Request for reinstatement to practice before the Internal Revenue Service is **GRANTED**.

 

                             _____

                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

It is certified that foregoing PLAINTIFF'S MOTION FOR MORE TIME TO
FILE AN ANSWER TO THE UNITED STATES MOTION FOR SUMMARY
JUDGMENT ON THE ADMINSTRATIVE RECORD, proposed order granting this
motion, PLAINTIFF'S ANSWER TO THE UNITED STATES MOTION FOR
SUMMARY JUDGMENT ON THE ADMINSTRATIVE RECORD, and a proposed
order granting this motion have been served this 14th Day of August 2007 via United
States Priority Mail addressed as follows:

Clerk's Office, U.S. District Court
For the District of Columbia
333 Constitution Ave NW
Washington DC 20001-2802

And

Dashille C. Shapiro, Trial Attorney
U.S. Dept of Justice
PO Box 227
Washington DC 20044-0027


_____
Dated

_____
Murphy M. Hubbard, Pro-Se