UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURPHY M. HUBBARD, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 07-0023 (RMU) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

**DIRECTING THE PLAINTIFF TO RESPOND TO
THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this case, the defendant filed a motion for summary judgment on April 23, 2007. To date, the *pro se* plaintiff has not responded, although he has requested and been granted an extension of time in which to respond. The last extension of time allowed the plaintiff to respond by October 19, 2007, but that date came and went without any filing by the plaintiff.

Providing *pro se* litigants with the necessary knowledge to participate effectively in the trial process is important. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Although district courts do not need to provide detailed guidance to *pro se* litigants, they should supply minimal notice of the consequences of not complying with procedural rules. *Id.*

Toward that end, the court hereby notifies the plaintiff that failure to respond to the defendant's motion may result in the court granting the motion and entering judgment in favor of the defendant. *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Specifically, Local Civil Rule 7(b) states that a party must respond with a memorandum of points and authorities in opposition to a motion within 11 days of the date of service or at such other time as the court

may direct.  LCvR 7(b).  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.  *Id.*

The court also notifies the plaintiff that it will accept any factual assertions in the defendant's affidavits as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the defendant's assertions.  *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992).  Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e).

Accordingly, to give the plaintiff notice of the consequences of his failure to respond, it is this 7th day of February, 2008, hereby

**ORDERED** that the plaintiff may file an opposition to the defendants' motion on or before February 22, 2008.  If the plaintiff fails to file an opposition by that date, the court may treat the defendant's motion as conceded and enter judgment in favor of the defendant.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge