**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MURPHY M. HUBBARD,                    :
                                       :
            Plaintiff,                 :      Civil Action No.:      07-0023 (RMU)
                                       :
            v.                         :      Document Nos.:         6, 15
                                       :
UNITED STATES OF AMERICA *et al.*,     :
                                       :
            Defendants.                :

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING THE PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

## I.    INTRODUCTION

The *pro se* plaintiff brings suit against the United States and the Internal Revenue Service

("IRS") for allegedly wrongfully disbarring him from representing clients before the IRS.  The

court previously denied the plaintiff's request to enjoin the defendants from disbarring him

pending the court's review of the agency's action on the merits.  Prior to that ruling, the

defendants filed a motion for summary judgment.

The court granted the plaintiff numerous extensions of time in which to respond to the

defendants' motion.  Met with silence, on February 7, 2008 the court instructed the plaintiff that

his failure to respond to the defendants' motion could result in the court granting the motion as

conceded.  The court also set February 22, 2008 as the deadline for the plaintiff to respond to the

defendants' motion.  The plaintiff responded to this order not by opposing to the defendants'

motion, but rather, by late-filing a motion for voluntary dismissal without prejudice to preserve

his right to refile the case "when he will be able to fully commit his time and resources to pursing this cause of action."  Because the court concludes that the plaintiff's motion does not respond to the defendants' motion, and that the defendants are entitled to judgment as a matter of law, the court grants the defendants' motion for summary judgment as conceded and denies the plaintiff's motion for voluntary dismissal.

## II.    BACKGROUND

The court addressed the full factual background of the case in a previous ruling.  Mem. Op. (Aug. 3, 2007).  In the interest of brevity, the court will now only offer an abridged recitation of the facts and a current recitation of the procedural background of the case.

On January 14, 2004, after receiving notice, an opportunity to respond, and an opportunity to appear at a hearing, an IRS Administrative Law Judge ("ALJ") disbarred the plaintiff from representing clients before the IRS due to his failure to file both individual and business tax returns for the years 1997, 1998, 1999 and 2000.  Admin. R. ("AR") at 265-77. Following two administrative appeals, another ALJ issued a final decision affirming the disbarment.  *Id*. at 24-30.  On January 4, 2007, the plaintiff filed suit in this court to challenge his disbarment.  He simultaneously moved for injunctive relief, asking the court to prevent the IRS from either disbarring the plaintiff or from issuing public notice of his disbarment pending the

court's review of his underlying challenge.[1]  The court denied the plaintiff's motion for injunctive relief on August 3, 2007 for failure to show a likelihood of success on the merits.

While the motion for injunctive relief was pending, the defendants filed a motion for summary judgment on April 23, 2007, asserting that substantial evidence supported the plaintiff's disbarment.  The court granted the plaintiff several extensions of time to respond to the motion for summary judgment, but the plaintiff failed to meet any of those deadlines.  Then, on February 7, 2008, the court issued an order fully explaining to the plaintiff that his failure to respond could result in the court considering the matter to be conceded.  Order (Feb. 7, 2008).  It also directed the plaintiff that if he wished to oppose the defendants' motion, he must do so by February 22, 2008.  *Id*.  On February 25, 2008, in lieu of responding to the defendants' motion and despite the court's caution, the plaintiff moved for voluntary dismissal[2] of the claims without prejudice.  The defendants opposed that motion on February 28, 2008.  The court now addresses both the defendants' motion for summary judgment and the plaintiff's motion for voluntary dismissal.

---

[1]     The plaintiff also alleges that the ALJ who ordered his disbarment was biased against him. Compl. at 3.  Nothing in the record legitimizes the plaintiff's allegations, and the court need not give consideration to the plaintiff's unsupported and conclusory allegations in resolving the defendants' motion for summary judgment.  *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999).

[2]     As the plaintiff notes in his motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), he cannot voluntarily dismiss this action absent an order of the court because the defendants have already filed an answer.

### III.  ANALYSIS

#### A.  Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999); *Harding v. Gray,* 9 F.3d 150,

154 (D.C. Cir. 1993). Rather, the nonmoving party "must come forward with specific facts" that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

In fact, if a nonmovant fails to provide with its opposition a "concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue" that meets the requirements of Local Civil Rule 7.1(h), "the court may assume that facts identified by the moving party in its statement of material facts are admitted." LCvR 7.1(h). This is because a district court's obligation in examining a Local Civil Rule 7.1(h) statement of material facts in dispute, however labeled, extends only "to a determination of whether the party opposing summary judgment has complied with the rule's plain requirements." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153-54 (D.C. Cir. 1996); *see also Securities & Exchange Comm'n v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000). Thus, if there is no concise statement of material facts in dispute, the court may treat the movant's statement of material facts as conceded.

Federal Rule of Civil Procedure 56(e) amplifies Local Rule 7.1(h) and provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Accordingly, a court should grant a motion for summary judgment when there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law.  *Jackson*, 101 F.3d at 153; *see also* LCvR 7.1(h) (if the party files no opposition whatsoever the court may treat the motion as conceded).

## B.   Legal Standard for Judicial Review of Agency Actions

The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof."  5 U.S.C. § 702.  Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id.* § 706; *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001).  In making this inquiry, the reviewing court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotations omitted).  At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made."  *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986); *Tourus Records*, 259 F.3d at 736.  An agency action usually is arbitrary or capricious if

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also County of L.A. v. Shalala*, 192 F.3d 1005, 1021 (D.C. Cir. 1999) ("Where the agency has failed

to provide a reasoned explanation, or where the record belies the agency's conclusion, [the court] must undo its action").

As the Supreme Court has explained, however, "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Veh. Mfrs. Ass'n*, 463 U.S. at 43. Rather, the agency action under review is "entitled to a presumption of regularity." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

"The requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately explain its result." *Pub. Citizen, Inc. v. Fed. Aviation Admin.*, 988 F.2d 186, 197 (D.C. Cir. 1993). This requirement is not particularly demanding, however. *Id.* Nothing more than a "brief statement" is necessary, as long as the agency explains "why it chose to do what it did." *Tourus Records*, 259 F.3d at 737. If the court can "reasonably discern[]" the agency's path, it will uphold the agency's decision. *Pub. Citizen*, 988 F.2d at 197 (citing *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

**C.    The Court Grants the Defendants' Motion for Summary Judgment**

The defendants ask for summary judgment in their favor because the record provides substantial evidence supporting the decision to disbar the plaintiff; the decision, therefore, does not violate the APA. Defs.' Mot. for Summ. J. ("Defs.' Mot.") at 2. Specifically, the plaintiff was required to file tax returns, he failed to file those returns and his failure to do so was willful. *Id.* at 8. After nearly a year in which to prepare a response, the plaintiff offers nothing to dispute the defendants' assertions.

7

The Tax Code is well-settled on the issues of income and filing requirements for taxpayers. *See* 26 U.S.C. § 61 (providing that "gross income means all income from whatever source derived, including . . . [g]ross income derived from business . . . ."); 26 U.S.C. § 6012(a)(1)(A) (requiring "[e]very individual having for the taxable year gross income which equals or exceeds the exemption amount" to pay income taxes). Equally well defined is the Secretary of the Treasury's authority to "regulate the practice of representatives of persons before the Department of Treasury," 31 U.S.C. § 330(a), including the power to suspend or disbar an individual from practice for a number of reasons as long as the individual is first provided with "notice and opportunity for a proceeding." *Id.* at § 330(b).

Accepting the defendants' facts as conceded,[3] the plaintiff willfully failed to file federal individual and business income tax for the years 1997, 1998, 1999 and 2000. Defs.' Statement of Material Facts Not in Dispute ("Defs.' Statement") ¶ 1; *Celotex*, 477 U.S. at 322; LCvR 7.1(h) (allowing the court to treat the movant's statement of material facts as conceded if the facts in a motion for summary judgment are not contested by the non-moving party). The plaintiff received notice in the form of a letter that the IRS had concerns about possible violations of the requirements governing his practice before the IRS. AR at 1089. He had 30 days in which to respond to this information. *Id*. The plaintiff then received an administrative hearing, the decision of which he appealed. AR at 32-91. Part of the decision was remanded. *Id*. at 230-64.

---

[3]    Even if the court were inclined to utilize the discretionary language of Local Civil Rule 7 in the plaintiff's favor, the court's decision to consider the defendants' motion as uncontested is bolstered by the plaintiff's utter disregard of the court's scheduling orders and its caution as to the consequences of unresponsiveness. The plaintiff had substantial notice of the court's intentions to grant summary judgment in the defendants' favor unless the plaintiff filed a response. Nevertheless, the plaintiff's subsequent motion was not only unresponsive, it demonstrates a purposeful disregard of the court's order.

The plaintiff again appealed, and the result was a final decision in favor of disbarment.  *Id.* at 24-30.  The ALJ determined that the plaintiff had enough income requiring him to file federal income tax returns, and his failure to do so was adequate ground for disbarment.  Defs.' Mot. at 4; AR at 240-44, 248.  This process more than satisfies the requirement for "notice and an opportunity for a proceeding."  31 U.S.C. § 330(b); *Washburn v. Shapiro*, 409 F. Supp. 3, 10 (D. Fl. 1976) (ruling that an individual is only "entitled to the requisites of elementary fairness – due notice and the opportunity to be heard").  And, the court concludes based on the ample evidence in the record and the defendants' uncontested facts that the ALJ has more than adequately explained its result, *id.* at 24-30, and consequently, the plaintiff's disbarment is not in violation of the APA, *Pub. Citizen.*, 988 F.2d at 197.  Accordingly, the defendants are entitled to summary judgment, and the court grants their motion.

### D.    The Court Denies the Plaintiff's Motion for Voluntary Dismissal

Although the court's decision to grant summary judgment in favor of the defendants is dispositive in this opinion, it is worth noting that several factors convince the court that voluntary dismissal is inappropriate.  The plaintiff's motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) asserts that the plaintiff lacks the time and financial resources to continue the litigation at this time.  Pl.'s Mot. for Voluntary Dismissal ("Pl.'s Mot.") ¶¶ 4-6.  Instead, he asks the court to dismiss the case without prejudice so he may refile it when circumstances make the litigation more convenient for him.  *Id.* ¶ 6.  The defendants respond that the plaintiff has not provided a sufficient reason for dismissal and that his motives are essentially in bad faith.  Defs.' Opp'n to Pl.'s Mot. at 2.

Rule 41(a)(2) will allow a plaintiff to dismiss a case, but it leaves the court the discretion to consider whether dismissal is appropriate. *See* FED. R. CIV. P. 41(a)(2). "A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant 'legal prejudice' based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant." *Johnson v. Wynne*, 239 F.R.D. 283, 285-86 (D.D.C. 2006) (citing *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000)).

The court notes that the defendants have, no doubt, expended time and resources diligently defending this matter, and the court is loath to leave them vulnerable to the spectre of re-litigation. Courts generally allow voluntary dismissal if the only prejudice the defendants will suffer is a second lawsuit, *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986), but the court believes that the remaining factors indicate that the defendants would suffer additional legal prejudice.

The plaintiff notably fails to overcome the hurdle of delay and lack of diligence. His expression of financial and scheduling inconvenience, appearing after the defendants' filing of a motion for summary judgment, is not a sufficient explanation for seeking dismissal. *Johnson*, 239 F.R.D. 283. The defendants' summary judgment motion has been pending for nearly a year. Despite numerous extensions, the plaintiff has failed to respond to the summary judgment motion, and his eventual, unresponsive motion was filed after the expiration of the generous deadline set by the court. The significant amount of time that the motion has remained

10

outstanding left the plaintiff ample time to consider bringing a Rule 41(a)(2) motion.  The court

finds it dubious that only now does the plaintiff consider it prudent to dismiss the suit, especially

given the court's explicit instruction that a failure to respond to the defendants' motion would

likely result in a disposition in the defendants' favor.  This demonstrated lack of diligence and

excessive delay in prosecuting this action disfavors voluntary dismissal.  *Contra Johnson*, 239

F.R.D. 283 (considering the plaintiff's timely filings as a factor in the court's conclusion that the

plaintiff had not demonstrated excessive delay); *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29,

38 (D.D.C. 2006) (concluding that the plaintiff had not demonstrated lack of diligence or

excessive delay because she had complied with court orders and timely filed her motions).

Finally, the plaintiff's rationale for seeking voluntary dismissal is underdeveloped.  Pl.'s

Mot. ¶¶ 4-6.  The fact that he now finds himself in a position in which it is inconvenient to

pursue his case is unpersuasive, especially when coupled with a failure to oppose the defendants'

motion despite the court's caution as to the consequences of nonresponsiveness.  *See In re*

*Vitamins*, 198 F.R.D. 296 at 305 (denying a motion for voluntary dismissal when the motion

appeared to be motivated by a desire to avoid an adverse ruling).  Entirely convinced that

voluntary dismissal is inappropriate in this case, the court denies the plaintiff's motion.

## IV.   CONCLUSION

For the reasons stated above, the court grants the defendants' motion for summary judgment and denies the plaintiff's motion for voluntary dismissal.  An order consistent with this Memorandum Opinion was issued on March 28, 2008.

RICARDO M. URBINA
United States District Judge